The Central Branch Union Pacific Railroad Company v. L. A. Andrews, *et al.*

1. Railroad Track; *Damages; Competent Witness.* A railroad track was put down in an alley in the city of A., on August 1, 1877. Witnesses were introduced to prove the damages caused by reason thereof to the lots abutting upon the said alley, and upon examination they stated they knew the market value of the property on or about the 1st of August, 1877. Upon such a showing they were competent to testify to the value of said property, both before and immediately after the laying down of said track.

2. Real Property; *Value; Opinion; Competent Witness.* Where a witness is offered to prove the damages caused to adjacent real property, by laying down a railroad track through an alley, and he testifies that he did not know the real value of the lots in controversy at the time the track was laid down, but does say that he had an opinion of their market value, and it is in evidence that he has been in the business of buying and selling real estate for nearly fifteen years in the city where the lots are situated, he is qualified to give his opinion of the value of the property inquired about.

3. Lots; *Statement of Value as Evidence.* In an action against a railroad company for damages caused by the laying down of its track through an alley, to lots abutting thereon, the statements of the values of said lots, made by the party whose administrator brings the action, may ordinarily be introduced in evidence by the opposite party; but where such statements are either made a long time before or a long time after the laying down of said track, and the values of the property in that locality have been fluctuating, *held*, not error to reject such testimony.

*Error from Atchison District Court.*

The opinion states the nature of the action, and the facts. Judgment for the plaintiffs for $3,765.98, at the June Term, 1886. The defendant *Railroad Company* brings the case here.

*B. P. Waggener*, for plaintiff in error.

*Hudson & Tufts*, for defendants in error.

Opinion by Holt, C.: This action was begun in the court below by R. S. Andrews, on September 13, 1878. This is the fourth time this case has been in this court. (*Railroad Co.*

*v. Andrews,* 26 Kas. 702; 30 id. 590; 34 id. 564.) It was last tried in September, 1886, before W. D. W., judge *pro tem.,* and a jury, and the verdict and judgment were for the plaintiffs, for $3,765.98. Plaintiff in error, defendant below, now seeks a reversal of that judgment. For a statement of facts, see *Railroad v. Andrews,* 26 Kas. 702, and *Railroad v. Andrews,* 30 id. 590. The plaintiff in error makes quite a number of assignments of error, a part only of which we shall consider in the examination of this case. It contends that the allegation in plaintiffs' petition of the appointment of plaintiffs as administrators of the estate of R. S. Andrews, deceased, is not sufficiently explicit. The allegation is as follows:

"*First:* That said R. S. Andrews died, in Atchison county, Kansas, upon March 9, 1883; and thereafter, and upon March 13, 1883, said L. A. Andrews and B. F. Hudson were, by the probate court of Atchison county, Kansas, being duly and legally authorized thereto, duly and legally appointed administrators of the estate of said R. S. Andrews, deceased, and letters of administration duly and legally issued to them as such out of and by said court, and that they thereupon duly and legally qualified as such administrators, and have ever since been and now are the duly and legally authorized, appointed, qualified, and acting administrators of the estate of R. S. Andrews, deceased."

This is sufficient. It is a brief and direct statement of the facts, in ordinary and concise language.

Another error complained of is, that witnesses were allowed to testify as experts to the value of the lots abutting upon the alley immediately after the railroad track was laid down through it. They had been asked simply whether they knew the market value of the lots in question on or about August 1, 1877. It appears that the track was laid down in a very short time—in a few hours—about August 1, 1877. We believe from their answers that they had knowledge of the market values of the lots in question on or about August 1, 1877, and that they were sufficiently qualified to answer in regard to their value, both before the laying down of the

track, as well as immediately afterward. The time of the laying down of the track was so brief, and the question asked, limiting it to "on or about," is broad enough in our opinion to permit the testimony to be introduced.

Another objection urged is, in allowing A. J. North to give his opinion of the value of said property. He was asked whether he knew the market value of the lots in question, and he replied that he did not know the real value; but after some hesitation, upon further examination he said that he had an opinion of their market value. It further appears in the testimony that he had been dealing in land in Atchison since 1870, and had bought land in the part of the city where the lots are situated, although not in the same block. The testimony of North was not as specific and definite as might have been desired, so far as his qualifications are concerned, yet we think that it was competent.

The plaintiff in error still further complains that it was not allowed to introduce in evidence, by the witness L. C. Challiss, the admissions or statements made by R. S. Andrews in his lifetime as to the value of the lots. The witness was asked whether he had a conversation in regard to this property in the lifetime of Mr. Andrews, and he answered in the affirmative. He was not able to definitely fix the time, but said he guessed it was before 1880. On objection made by plaintiff he was not allowed to testify. The attorney for the defendant then offered to prove by the witness the market value of the property as placed on it by R. S. Andrews in his lifetime, about the time of the construction of the brick building and shortly previous to the laying down of the track in the alley. To this offer the plaintiff objected, and the objection was sustained. The witness also testified in regard to a conversation had shortly after returning from New York in 1878. There is no admission of the value of the lots in question at or near August 1, 1877. In fact, the admission of the value of the lots was either a long time before or a long time after that date. The offer to prove that the statement was made before the filing of this petition and about the time that the

brick house was built, was very indefinite, as the brick house was built before the track was laid; how long, does not appear in the evidence; and the petition was not filed until 1878. While ordinarily all the admissions of the party ought to be introduced in evidence, and while it might not have been error to have admitted the testimony of Challiss in this case, it further appears in evidence that the market value of lots and real property in the city of Atchison was fluctuating, and to have ascertained the values at the various times named would not have been a definite basis from which to establish the value of the same August 1, 1877. If the market value of the land had been nearly the same all these years, then the testimony sought to be introduced would have been more in point. But under the other testimony introduced, showing the changing values of property in the city, it seems to us that this rejection of the testimony offered is not material error.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.