## WICHITA FALLS & N. W. RY. CO. v. HOLLOMAN.

No. 730. Opinion Filed March 21, 1911.

(114 Pac. 700.)

1. **EMINENT DOMAIN—Damages—Evidence—Introduction of Maps.** The introduction over objection of certain maps in evidence considered, and held no error.

2. **EMINENT DOMAIN—Damages—Evidence—Admissions of Owner.** When the admission of the owner of property, the condemnation of which is sought, that the property had only a certain value is sought to be introduced in evidence, much must be left to the discretion of the presiding judge in determining whether the time was too remote and the condition of the property too dissimilar to make the evidence available.

(Syllabus by the Court.)

*Error from District Court, Tillman County; J. T. Johnson, Judge.*

Action by the Wichita Falls & Northwestern Railway Company against Ira J. Holloman to condemn land. Judgment for defendant, and plaintiff brings error. Affirmed.

*Chas. C. Huff* and *Hudson & Mounts*, for plaintiff in error.

*James A. Morris*, for defendant in error.

TURNER, C. J.   On September 24, 1907, on application of plaintiff in error, the district court of Comanche county appointed commissioners to condemn a right of way for the main line, a "Y," and an industrial spur over the S. W. ¼ of section 18, township 2 S., range 17 W., of the Indian meridian, adjoining the original town site of Frederick, the property of Ira J. Holloman, defendant in error, pursuant to section 112, art. 9, c. 18, of Wilson's Stats. 1903 of Oklahoma.   Their report was filed with the clerk of the court November 6, 1907, and awarded said defendant $2,954.16.   Being dissatisfied with said amount, defendant duly filed with the clerk a demand for a jury trial, whereupon the cause was transferred to the district court of Tillman county, where it was tried April 27, 1908, and resulted in a judgment in favor of defendant for $5,221.50, and plaintiff brings the case here.

To maintain the issue as to the amount of his damage, defendant had prepared a plat of the land showing the same divided into streets and alleys, lots, and blocks and the location of various objects thereon.   It was made by the county surveyor from actual measurements, sworn to by him September 25, 1907, and filed in the register of deeds' office September 27, 1907.   After it had been used by plaintiff in the examination of some of its witnesses, defendant, for the purpose of showing the adaptability of the land for town site purposes and that it had been surveyed and platted into an addition to the town site of Frederick, a town of about 3,000 inhabitants, built upon the north half of said section, over the objection of plaintiff, introduced the plat in evidence.   In this it is claimed the court erred, "as it completely changed the rule as to the measure of damages."   Had the court charged incorrectly on the measure of damages, we might agree

with this contention, but as it did not, or so we presume, since the charged was unexcepted to, we cannot concur. This was in substance the error complained of in *C., K. & N. Ry. Co. v. Davidson,* 49 Kan. 589, 31 Pac. 131, a similar proceeding. There the court in the syllabus said:

"Where a railroad company has taken and appropriated land for railroad purposes by virtue of condemnation proceedings, the owner of the land may recover for its depreciation in value, taking into consideration any purpose for which it might be the most profitably used. And in such a case, where the land was situated near a city, and although used as a farm was suitable for subdivision into lots, blocks, etc., and for an addition to the city, such facts may be taken into consideration in determining the market value of the land and the amount of its depreciation in value by reason of the taking and appropriation of a part thereof by the railroad company for railroad purposes."

There, as here, the landowner, to show for what the land might most profitably be used, introduced in evidence, over objection, a plat showing its subdivision into lots, blocks, etc., and the court held the same to be no error. See, also, 5 En. of Ev. p. 218, and cases cited.

The same objection was urged to the introduction of a similar plat offered "for the purpose of showing the manner in which the railroad runs over and divides the tract of land in controversy," which was also admitted over plaintiff's objection. There was no error in this. 1 Greenleaf (16th Ed.) § 4398.

It is further urged that the court erred in sustaining an objection to a question asked defendant in effect that if, prior to the filing of these proceedings, in a conversation with one of the members of the Frederick right of way committee, he had not said that, if plaintiff's road was secured to come into said town on the south boundary line of this land and cross the Frisco tracks on the south end thereof, he would furnish it a free right of way over the same, but that, if it went anywhere else, it would cost $100 an acre, which he considered the worth of the land. This question was intended to prove that defendant had made a state-

ment against his interest in effect that the land was only worth $100 an acre. As to the admissibility of such testimony, 10 Am. & Eng. of Law (2d Ed.) 1154, lays down the rule thus:

"Upon the ground that the admission of a party to his prejudice in a matter material to the issue is always competent, the admissions of the owners of property, the condemnation of which is sought, that the property had only a certain value, have been considered admissible. And, if the owner has died, his statement may be used in determining the value of the property in the hands of the trustees."

And Lewis on Eminent Domain, § 439, says:

"In regard to the proof of admission of the parties, the same general rules apply as in other cases. It is competent to prove the declarations of the owner of the property in question as to its value and the price at which he has offered to sell it, and other admissions which are pertinent to the issue."

Had this question referred directly or indirectly to a time reasonably prior to the time of this proceeding, we might hold that the court erred in rejecting the evidence. As it is, to so hold, we would have to suppose that it so referred, and hence predicate our ruling upon a presumption of fact not warranted by the record. On the other hand, indulging as we must the presumption in favor of the correctness of the ruling of the court, we presume, in the absence of evidence to the contrary, that the court was of opinion that the time referred to was too remote, and that proof of the value of the land by defendant's admission at the time it was made would not tend to prove its value at the time this proceeding was filed. Again, the record disclosed that the town was gradually spreading in the direction of this land, which was being built upon right along. Under these circumstances, and in view of *Patch v. Boston,* 146 Mass. 52, 14 N. E. 770, where the court, in a similar proceeding, referring to similar evidence offered, said: "Much must be left to the discretion of the presiding judge in determining whether the time was too remote and the condition of the property too dissimilar to make the evidence available"—we cannot say that the court erred in rejecting the evidence. See,

also, *Brown v. Calumet River Co.*, 125 Ill. 600, 18 N. E. 283. This rule is in keeping with that laid down in the *Cen. Branch, etc., Ry. Co. v. Andrews*, 37 Kan. 162, 4 Pac. 509, a similar action. There the tracks were laid down along the alley August 1, 1877. An admission against his interest was sought to be proved against plaintiff's intestate as to the value of the abutting property at that time. The court said:

"There is no admission of the value of the lots in question at or near August 1, 1877. In fact, the admission of the value of the lots was either a long time before or a long time after that date. The offer to prove that the statement was made before the filing of this petition and about the time that the brick house was built was very indefinite, as the brick house was built before the track was laid; how long, does not appear in the evidence, and the petition was not filed until 1878. While ordinarily all the admissions of the party ought to be introduced in evidence, and while it might not have been error to have admitted the testimony of Chasliss in this case, it further appears in evidence that the market value of lots and real property in the city of Atchison was fluctuating, and to have ascertained the values at the various times named would not have been a definite basis from which to establish the value of the same August 1, 1877. If the market value of the land had been nearly the same all these years, then the testimony sought to be introduced would have been more in point. But under the other testimony introduced, showing the changing values of property in the city, it seems to us that this rejection of the testimony offered is not material error."

In view of which we say that the error, if error there was, in rejecting the testimony offered was not material.

Affirmed.

All the Justices concur.