## CITY OF ENID v. MOYERS et al.

No. 31885. Nov. 6, 1945.

Rehearing Denied Feb. 12, 1946.

165 P. 2d 818.

Dennis Mitchell, City Atty., of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendants in error.

HURST, V. C. J. This is a proceeding in condemnation commenced March 4, 1943, by the city of Enid to acquire title to five tracts of land consisting of 589 acres to be used as a municipal airport. Tract No. 1, consisting of 296 acres, belonged to D. W. Moyers and was occupied by B. L. Freed as tenant under a written lease expiring August 1, 1946. The lease called for no cash rental but Moyers was to receive a share crop rental of one-third of the crops produced. The land was appropriated on March 16, 1943. There were 256 acres of growing crops on the land at that time. The appraisers assessed Moyers' damages, representing his interest in the land, improvements and growing crops, at $27,170.50. They assessed Freed's damages, representing the value of the lease and growing crops, at $2,429.50. Both Moyers and Freed demanded a jury trial, and the case was tried before a jury on January 31, 1944, and the jury assessed Moyers' damages at $34,040, and Freed's damages at $6,000. From a judgment entered upon the verdict for said amounts, the city has perfected an appeal.

The witnesses for the defendants estimated Moyers' damages at from $115 to $130 per acre, and Freed's damages at from $6,120 to more than $8,000. Moyers testified that the fair market value of the land subject to the Freed lease at the time it was taken was $125 per acre. The witnesses for the city estimated the total damages to both defendants at from $75 to $95 per acre, and Freed's damages as low as $4,000.

Neither party introduced any evidence during the trial as to increase in the market value of land during the year preceding the appropriation of the land. However, in response to the city's motion for new trial, the defendants filed eight affidavits to the effect that

during the year 1942 and up to March 16, 1943, farm lands in the vicinity of Enid increased from 25 to 30 per cent.

The city offered to prove by two real estate brokers that from six months to a year before the appropriation of the land Moyers listed the land for sale for $22,000, which would include the value of the land, improvements and growing crops, and that the broker's commission was to be paid out of the sale price. The court sustained an objection to these offers because they were too remote. The city argues that this was prejudicial to the substantial rights of the city and constitutes reversible error. We agree with this contention, and our decision on this question makes it unnecessary to consider the other contentions of the city.

The measure of damages for land actually taken in condemnation proceedings is the fair market value of the land at the time it is taken. Oklahoma Gas & Electric Co. v. Kelly, 177 Okla. 206, 58 P. 2d 328; Grand River Dam Authority v. Bomford, 188 Okla. 512, 111 P. 2d 182; 18 Am. Jur. 875, 903; 29 C. J. S. 968, 1068; 20 C. J. 728, 826. While the range of inquiry as to such value rests largely in the discretion of the trial court, and the action of the trial court in admitting or excluding evidence as to value will not be disturbed unless there has been an abuse of such discretion (State v. Winters, 195 Okla. 243, 156 P. 2d 798), the general rule is that "any competent evidence of matters, not merely speculative, which would be considered by a prospective vendor or purchaser, or which tend to enhance or depreciate the value of the property, is admissible," 31 C. J. S. 883. In 18 Am. Jur., at page 986, it is said that "objections going to pertinency and relevancy should be sustained only in extreme and plain cases." And an offer by the owner to sell the property for a certain price is admissible as an admission against interest as to its value unless the offer is too remote in point of time. Wichita Falls & N. W. Ry. Co. v. Holloman, 28 Okla. 419, 114 P. 700; Albert Hanson Lumber Co. v. United States, 261 U. S. 581, 67 L. Ed. 809, 43 S. Ct. 442; 22 C. J. 180, § 125, 31 C. J. S. 889, note 51; 18 Am. Jur. 993; 20 Am. Jur. 341.

Bearing in mind these principles of law, we are of the opinion that the substantial rights of the city were prejudicially affected by the rejection of the proffered evidence, and consequently the trial court abused its discretion in sustaining the objection to such evidence. The damages awarded were substantially in excess of the amount for which the land was allegedly offered for sale.

The defendants cite cases to the effect that the courts will take judicial notice of the fact that at times the value of property fluctuates, but the trial court, and this court on appeal, cannot take judicial notice that the property in question increased in value during the year preceding the taking of the same by the city as much as the difference in the alleged listings and the amount of the verdict and judgment.

What we have said has reference only to the judgment in favor of Moyers. The errors do not apply to the judgment in favor of Freed, and we think the judgment in his favor is without substantial error.

The judgment in favor of Freed is affirmed. The judgment in favor of Moyers is reversed with directions to grant a new trial as to his claim.

GIBSON, C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., concur in conclusion. CORN, J., dissents.

CORN, J. (dissenting). I will not concur in the majority opinion for the reason it takes away from the trial court any discretion it had as to the competency of evidence that the owner of the land, six months to one year prior to the taking of the same, listed it to real estate dealers at a certain price; and also for the further reason it wholly disregards the well established rule of

law that courts may take judicial notice of general increase or decrease in the value of property, as it embraces matters of public concern known by all well informed persons. It is not questioned by anyone but what there was a substantial increase in the value of the land during this period of time. This fact was well known by the trial judge and he was in a much better position, under all the facts and circumstances, than this court to determine whether the offered evidence was too remote to be admitted.

If the jury had to rely solely on the testimony of the landowner as to the reasonable market value of the land at the time it was taken, we would be confronted with a different situation, but in this case we have an abundance of evidence by a large number of competent witnesses, who qualified as such, that testified as to the value of the land, which was more than the amount awarded by the verdict of the jury.

In 18 Am. Jur. page 986, it is said that "objections going to pertinency and relevancy should be sustained only in extreme and plain cases." And an offer by the owner to sell the property for a certain price is admissible as an admission against interest as to its value unless the offer is too remote in point of time. Wichita Falls & N. W. Ry. Co. v. Holloman, 28 Okla. 419, 114 P. 700; Albert Hanson Lumber Co. v. United States, 261 U. S. 581, 67 L. Ed. 809, 43 S. Ct. 442; 22 C. J. 180, § 125; 31 C. J. S. 889, note 51; 18 Am. Jur. 993; 20 Am. Jur. 341.

In Wichita Falls & N. W. Ry. Co. v. Holloman, supra, the trial court sustained the objection to tendered evidence to the effect that the defendant, in a conversation with the right-of-way committee prior to the filing of the proceedings, said that if the railroad was brought into town on the south boundary line of this land and across the Frisco tracks at the south end thereof, he would furnish a free right of way over the same, but if it went anywhere else, it would cost $100 per acre, which he considered the value of the land. The time of conversation was not fixed, and this court indulged the presumption in favor of the correctness of the ruling of the trial court, holding in paragraph 2 of the syllabus:

"When the admission of the owner of property, the condemnation of which is sought, that the property had only a certain value is sought to be introduced in evidence, much must be left to the discretion of the presiding judge in determining whether the time was too remote and the condition of the property too dissimilar to make the evidence available."

In Strait v. Wilkins et al., 23 Cal. A. 774, 139 P. 911, in paragraph 4 of the syllabus, it is held:

"In an action for damages for breach of a contract to exchange lands, the evidence of the market value of the respective properties should relate to a period reasonably proximate to the date of the breach, and the exclusion of evidence relating to the value of plaintiff's land a number of months before the breach was proper."

In 22 C. J. 182 par. 132, the rule is stated as follows:

"Evidence on an issue as to the value of real estate, in order to be competent, must relate to the time as of which the value of the property is to be determined, or to a time so near thereto that it may reasonably throw light upon the value at such time, and evidence of value at a time considerably before or after the time to which the controversy relates is incompetent, unless it also appears that the value has remained the same."

In Sleeper v. Zeiter, 178 Minn. 622, 227 N. W. 274, the Minnesota court said:

"Courts may take judicial notice of general rise or depreciation in real estate values since this usually embraces matters of public concern known by all well informed persons."

In Blake v. Bennett et al., 115 Cal. A. 207, 1 P. 2d 513, the California court said:

"Court notices fact that since January 1, 1918, values of livestock have been very high at times and very low at

other times, and that changes have been frequent."

In City of Tulsa v. Horwitz, 131 Okla. 63, 267 P. 852, this court in par. 3 of the syllabus held:

"The extent of the range of inquiry to be permitted regarding the value of property taken or damaged in eminent domain proceedings is largely in the discretion of the trial court."

In view of the testimony of witnesses on behalf of both parties, as to the value of the property at the time of the filing of condemnation proceedings, where the lowest estimate even of the city's witnesses was in excess of the amount specified in the rejected evidence as to value on the prior date, it appears to me that it cannot be seriously contended by anyone that the tendered evidence would be admissible as proof of the market value of the property at the time of the taking under said proceedings.

I respectfully dissent.