**CHEROKEE PIPE LINE COMPANY,**
**a corporation, Plaintiff in Error,**

v.

**J. A. JURY and Mrs. J. A. Jury, his wife,**
**Defendants in Error.**

**No. 40173.**

Supreme Court of Oklahoma.

Sept. 24, 1963.

Rehearing Denied May 19, 1964.

Application for Leave to File Second Petition for Rehearing Denied June 30, 1964.

Dale Heltzel and J. L. McClellan, Jr., Ponca City; Hardin Ballard and James H. Ballard, Purcell, for plaintiff in error.

Luttrell, Luttrell, Pendarvis & Livingston, Norman, for defendants in error.

HALLEY, Vice Chief Justice.

This is a proceeding commenced by plaintiff, Cherokee Pipe Line Company to condemn an easement for a pipeline across defendants' land. The parties will be referred to as they appeared below. Both sides objected to the award made by the commissioners and demanded a jury trial. At the conclusion of the trial the jury returned its verdict in favor of defendants, Mr. and Mrs. J. A. Jury, for $5,000 damages. Plaintiff appeals.

Defendants own an 80 acre tract of farm land located within the town limits of the Town of Moore in Cleveland County, Oklahoma. The pipeline easement is 762 feet long and 40 feet in width (80 feet in width during the construction period) running diagonally across defendants' land.

Plaintiff presents its arguments for reversal under three propositions. Each proposition in effect claims error of the trial court in admitting into evidence defendants' Exhibit One, hereafter called the exhibit. The exhibit was a proposed subdivision plat of the south 20 acres of defendants' land as prepared by the witness who holds the official position in Cleveland County of County Surveyor and County Engineer.

Plaintiff under one proposition contends the trial court erred in admitting the exhibit on the ground that evidence of any unrecorded and subsequently conceived plat is inadmissible and that such plat in effect permitted the jury to consider evidence of damages occurring on January 15, 1962, rather than on November 28, 1961, the effective date of taking.

The fact that the exhibit was not in existence or recorded on November 28, 1961, is not of controlling importance. 29 C.J.S. Eminent Domain § 160, pp. 1027–1028. Therefore much of plaintiff's argument is not of assistance to the true issues involved. The issues are whether defendants may introduce a plat of a proposed subdivision for some valid purpose in order to show the reduction in value of their land by reason of the easement condemned by the plaintiff, and whether it was introduced for such valid purpose in this suit.

In the early case of Wichita Falls & N. W. Ry. Co. v. Holloman, 28 Okl. 419, 114 P. 700, we held there was no error in admitting into evidence over objection a plat of the land showing streets, alleys, lots and blocks. It is true that in the Holloman case the plat had been prepared and recorded after condemnation proceedings were begun but prior to the time the commissioners returned their award of damages. However, such recordation was not what made the plat admissible in evidence. It was admissible because it was offered for the purpose of showing the adaptability of the land for town-site purposes. The same is true in the instant case.

Plaintiff cites several cases including Northern Ind. Pub. Serv. Co. v. McCoy, 239 Ind. 301, 157 N.E.2d 181, in support of its argument that an unrecorded plat is not admissible. That case was decided on a different theory. The court clearly held that the plat was inadmissible not because it was unrecorded but because it was introduced solely for the purpose of establishing the value of the land by computing the aggregate value of the lots as they might exist if the land were a subdivision. It was not introduced for the purpose of showing the land's adaptability for such use. The court cited with approval the earlier case of Ohio Valley Railway & Terminal Co. v. Kerth, 130 Ind. 314, 30 N.E. 298, which we believe gives the correct rules to follow in the instant case. In the Kerth case, it was held that it was proper for a condemnee to show a property's

adaptability for use as a platted subdivision and that this could be done by the use of a map or plat even though the land had not been actually platted and no plat was recorded. The court stated in part:

"* * * [I]t was proper for the appellee to show its adaptability for that purpose, and this could be more clearly demonstrated by the use of a map or plat made from actual measurements than by the mere parol statements of witnesses.

\* \* \* \* \* \*

"* * * The situation may have been such as that the natural growth of the city, and the proximity of the land to it, fixed its use for suburban residences in the immediate future with such certainty as to make the land of additional value on that account at the time of the appropriation; and if such was the fact the jury had a right to consider it in estimating the amount of damages."

In the instant case one of plaintiff's witnesses also testified that the highest and best use of the land was for future subdivision development. This witness also prepared a plat showing a different way of laying out residential lots in such a way as to minimize the effect of the proposed pipeline. This plat was introduced as an exhibit and was considered by the jury along with the one introduced by defendants.

The instructions herein did not allow the jury to speculate on some future use the land might be put to, but confined them to finding the difference between the fair market value of the property immediately before and after the taking of the easement on November 28, 1961. Thus, plaintiff's contention that the exhibit allowed the jury to consider damages as of January 15, 1962, rather than November 28, 1961, is likewise without merit.

In the case of City of Tulsa v. Biles, Okl., 360 P.2d 723, we quoted with approval from 2 Nichols on Eminent Domain (2d Ed.)

1170, Section 445, a passage which is applicable herein:

"Evidence of the value of the property for any use to which it is reasonably adapted, is, as already stated, admissible, but such evidence must be limited to a bare statement why the property is adapted for a particular purpose and to testimony of its value for such purpose. *As bearing upon these issues the owner may offer a plan showing a possible scheme of development for the purpose for which it is most available,* but he cannot go further and describe in detail to the jury a speculative enterprise for which in his opinion or that of some expert the land might be used, and base his estimate of value upon the profits which he would expect to derive from the enterprise." (emphasis supplied)

In the instant case none of defendants' witnesses described in detail a speculative enterprise nor did they base their estimate of value upon the profits expected to be derived from such an enterprise. Only one defense witness as to value was asked about the exhibit. He stated that he had examined the plat and took it into consideration. He estimated the property would be reduced in value from $80,000 down to a value of $65,000 by reason of the condemnation. The other two defense witnesses as to value were not asked any questions about the exhibit. One of them testified the value of the property was reduced by the taking of the easement from $80,000 to $60,000. The other testified the value was reduced from $80,000 to $65,000.

Under another proposition plaintiff states that the trial court committed error in admitting the exhibit because it had not been produced at the pre-trial conference held on January 8, 1962. The order of the trial court setting the matter for pre-trial conference provided in part:

"* * * It is ordered:

*   *   *   *   *   *

"(d) That counsel produce for identification, examination, and discussion, all exhibits which they intend to offer in evidence at the trial. Unless an exhibit has been so identified, it shall not later be offered in evidence at the trial, except for good cause shown."

■ The record in this case shows that the exhibit was not prepared by the witness who identified it until January 15, 1962, which was subsequent to the pre-trial conference. Under the provisions of its order quoted above, the trial court could have properly refused to admit the exhibit into evidence. Also under the order the trial court could properly admit it "for good cause shown." Since the exhibit was admissible, as we have held above, and since plaintiff has not shown that any prejudice resulted to it from defendants' failure to produce it at pre-trial conference, we believe the trial court did not abuse his discretion in allowing the exhibit to be admitted into evidence over the objection that it had not been produced at pre-trial conference.

■ Plaintiff's third proposition is that the jury verdict and judgment of $5,000 is "excessive on its face" and that it must be based on incompetent evidence (defendants' exhibit one). We have already determined that the exhibit was properly admitted into evidence. Defendants' witnesses' testimony would have supported a verdict of approximately $15,000. Therefore there was sufficient competent evidence supporting the verdict. This Court will not substitute its judgment for that of the jury in the matter of damages to be awarded for the condemnation of property. Colorado Interstate Gas Company v. Lorenz, Okl., 330 P.2d 583; Champlin Refining Co. v. Donnell, 173 Okl. 527, 49 P.2d 208, 103 A.L.R. 157.

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, J., dissents.