DEL CITY, a Municipal Corporation, Plaintiff in Error,

v.

Claire MOORE, a/k/a Claire H. Moore, a/k/a Claire Hampton Moore, Defendant in Error.

No. 42896.

Supreme Court of Oklahoma.

March 30, 1971.

T. N. Pool, Garrett, Pool & Smith, Del City, for plaintiff in error.

Harold Dodson, Oklahoma City, for defendant in error.

## DAVISON, Vice Chief Justice.

This is an appeal by City of Del City (plaintiff below) from a judgment rendered on a jury verdict in an eminent domain proceeding instituted by the City whereby Claire Moore (defendant below), was awarded $15,000.00 for a permanent easement across his property.

Briefly, the essential facts are that Moore owned a tract of land that extended about 387 feet along Sunnylane Road; that prior to the condemnation proceeding a small creek ran long the rear of the property; that the City sought and took a permanent easement in the rear 80 feet of the property for a drainage ditch; and that the City cleared out and opened up a wide and deep drainage ditch through the easement. While such taking was described as an easement it was, under the facts, in reality a taking and appropriation of the land. It was stipulated that the area of the easement was 31,230 square feet.

There appears to be no dispute that Moore's property was best suited for commercial or industrial use. The City's ordinances limited the area of a building or structure to a certain percentage of the overall lot area; provided for minimum front and rear yards; and required that minimum off-street parking spaces be provided in proportion to the square footage of the building they served. It was Moore's theory that the City's appropriation of his land for the easement restricted his use of the remainder to such an extent that the maximum permitted use for building and parking purposes was much less than would have been permitted prior to the taking. Based on this claim of lesser value of the remaining part of the property, and value of the portion that Moore could not use, expert witnesses fixed Moore's loss by reason of the taking at from $25,000.00 to $26,000.00.

The City's evidence fixed Moore's loss at $1561.00.

As stated, the jury returned a verdict in favor of Moore for $15,000.00.

The City contends that the court erred in allowing evidence that the properties owned by Moore would continue to be subject to taxation. This complaint has reference to a belief expressed by Moore's coun-

sel and by Moore's two expert witnesses to the effect that, since the City was only taking an easement, Moore would suffer some detriment in that he would have to continue to pay taxes on the entire property.

In support of this proposition the City cites Nichols on Eminent Domain, Vol. 4, 3rd Edition, § 14.248(1), p. 689, and City of Tulsa v. Horwitz, 151 Okl. 201, 3 P.2d 841. These authorities stand for the proposition that special assessments for public improvements made in the future as a result of the taking may not be considered in determining damages in the eminent domain proceeding. That is not the situation in the present appeal and the authorities are not in point. The taxes to which counsel and the two witnesses referred were general ad valorem taxes and were not taxes in the nature of special assessments for public improvements. No law is cited and we find none that is applicable to the proposition raised by the City.

On the occasion that Moore's counsel made the complained of statement the City's counsel objected, and the court sustained the objection and admonished the jury to ignore and give no weight to the statement. Two of Moore's expert witnesses made the statement while under cross-examination by City's counsel. As to the first witness the court ruled the statement was not responsive to the question and as to the second witness the City's counsel made no objection. Furthermore, City's counsel questioned the second witness regarding persons having to pay taxes on property having utility and sewer easements, whereupon Moore's counsel objected and City's counsel responded, "Judge, it is very relevant." The court then sustained the objection of Moore's counsel. We therefore have a situation where a party has objected to certain testimony, has failed to object to the same, and has in effect admitted the competency of the testimony.

We have held that only those objections to the competency or admissibility of evidence asserted in the trial court, without change or addition, will be considered to reverse a judgment on appeal. In re Bennett's Estate, Okl., 324 P.2d 862, and Hair v. Wilson, Okl., 391 P.2d 789.

It is our conclusion that the City did not preserve its objections to the evidence and that its proposition of error has no merit.

We will consider City's propositions of error 2 and 7 together.

In proposition 2 City complains that the court erred in failing to instruct that the proposed use, if any, to which the property owner might put the property must be *reasonable*, and not cost a disproportionate amount in relation to the value of the remainder of the property. The objection was that the word "reasonable" was omitted from the instruction given by the court.

City's objection is aimed at instruction No. 10, in which the court informed the jury relative to the rights of Moore to use and improve the tract of land prior to the partial taking by the City including the "right to fill, level and use so long as he did not interfere with" the flow of the existing creek.

The City did not preserve any objection to the giving of this instruction.

In proposition of error 7 City complains that instruction No. 8 was confusing. Therein the jury was informed relative to the provisions of the City's ordinances regarding front and rear set-back lines, the percentage of lot area a building could occupy, and the requirement of one parking space for each 400 square feet of building floor area. It instructed that in considering the lot area the rear lot line was the same as it was before the taking, and that there had been no diminution of lot size by reason of the taking.

We see nothing confusing about this instruction. It clearly showed that the front and rear set-back line provisions remained in force. The purpose of the instruction, taken in consideration with other

instructions, was to inform the jury that they should consider the matter of the reduction, if any, of the space available for parking and the effect thereof on the maximum allowable square footage of a building.

Further, the City did not preserve any objection to the giving of this instruction.

■ In McMillan v. Lane Wood & Company, Okl., 361 P.2d 487, 492, we held that the giving of an instruction was not reversible error where no objection was made at the time it was given and there was no showing of fundamental error.

We have examined all of the instructions and as a whole find no fundamental error.

In propositions of error 3 and 4 the City complains that the court erred in allowing evidence that division of the property for sale was the highest and best use of the property, and in allowing Moore's exhibit setting out a proposed plat of the property.

There is no dispute that the highest and best use of the property was for business and commercial or light industrial use. Moore used an expert witness who testified to this effect and who had prepared a plat dividing the property into tracts having a frontage of 50 feet plus on Sunnylane Road, designed to show this use of the property. The purpose of this exhibit was to demonstrate the restrictive result of the City's taking in reducing the land area available for a building. The witness estimated the reduction in usable building space at from 30% to 46%. There was no testimony of a speculative nature used to support an estimate of value based upon the profits that Moore would expect to derive from dividing the land into tracts for business use. The evidence was aimed at showing adaptable use and reduction in usable building space.

■ In Cherokee Pipe Line Company v. Jury, Okl., 393 P.2d 503, Cherokee was condemning an easement across Jury's land for pipeline purposes. It was Jury's position that the highest and best use of a portion of his land was for future subdivision development. He introduced testimony to that effect and a proposed subdivision plat of the portion. As in the instant appeal Jury's witnesses did not describe in detail a speculative enterprise, nor did they base their estimate of value upon the profits expected to be derived from such an enterprise. From these facts, and based upon the authorities cited therein, we held in the Jury case that in an eminent domain proceeding evidence of the land's adaptability to a particular use may be considered, and for this purpose a plan or plat showing a possible scheme of subdivision development is admissible in evidence even though such plan or plat has not been recorded.

In the instant case Moore's expert witness took into consideration the value of the land taken by the City for a permanent easement for a drainage ditch and estimated the reduction in value of the remaining portion at 25% and arrived at a total damage of $25,000.00.

■ It is our opinion that the evidence and plat were properly allowed in evidence by the trial court.

The City's remaining propositions of error are contentions that Moore failed to sustain the burden of proof cast upon him and an argument which we interpret to attack the sufficiency of the evidence.

The witnesses for Moore fixed his damage at from $25,000.00 to $26,000.00. The jury returned a verdict for $15,000.00, which is considerably less than Moore's proof, and in fact is the exact amount fixed by one witness as the diminution in value of the portion of the property not covered by the permanent easement.

■ From the evidence heretofore set forth in this opinion and from our examination of the entire record we conclude that there was sufficient and competent evidence to support the verdict.

Affirmed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.