The City of DEL CITY, a Municipal Corporation, Plaintiff in Error,

v.

Claude HAYNES and Ethel Haynes, husband and wife, Defendants in Error.

No. 42897.

Supreme Court of Oklahoma.

April 13, 1971.

T. N. Pool, Garrett, Pool & Smith, Del City, for plaintiff in error.

Harold Dodson, Oklahoma City, for defendants in error.

DAVISON, Vice Chief Justice.

The City of Del City (plaintiff below) appeals a judgment rendered on jury verdict in an eminent domain proceeding brought by the City wherein Claude Haynes and Ethel Haynes (defendants below) were awarded $8,000.00 for a permanent easement across the rear of their property.

Defendant's property extended north and south along Sunnylane Road 324 feet and ran back west a distance of 144 feet. Prior to the condemnation proceeding a small creek ran along the rear of the property. The City took a permanent easement in the rear 25 feet of the property for a drainage ditch and opened up a wide and deep ditch, which included the 25 feet and a strip of land along the adjoining property. While the taking by the City was described as a permanent easement, it was, under the

facts, in reality a taking and appropriation of the land. The area of defendant's land embraced in the easement was 8,103 square feet.

It was not disputed that the property was best suited for commercial use. The City's ordinances limited the area of any building to a certain percentage of the area of the tract on which it was built, and providing for minimum front and rear yards and parking. It was defendants' contention that the appropriation of the land for the easement effectively lessened the practical and efficient use of the remainder for building and parking purposes. Defendants' testimony was that, in the previous condition of the land, a retaining wall could have been constructed whereby the surface could have been filled in next to the creek and as many as 30 parking spaces secured, all of which were lost by the use of the 25 foot strip for a drainage ditch. Based on the value of the portion taken for the permanent easement, and the lesser value of the remaining part of the property, the defendant Claude Haynes and his expert witnesses fixed defendants' loss by reason of the taking at from $9700.00 to $16,000.00.

The City's expert witnesses fixed defendants' loss at $3591.50.

As stated, the jury returned a verdict for $8,000.00.

■ The City complains that the court erred in admitting evidence that the property would continue to be subject to taxation. This contention refers to testimony and to statements made by defendants' counsel in argument to the effect that since the City was only taking an easement, defendants would continue to pay taxes on the entire tract.

City cites in support of this contention Nichols on Eminent Domain, Vol. 4, 3rd Edition, § 14.248(1), p. 689, and City of Tulsa v. Horwitz, 151 Okl. 201, 3 P.2d 841. These authorities hold that special assessments for public improvements made in the future because of the taking may not be considered in determining loss in the eminent domain proceeding. They are not in point. The statements regarding taxes that are complained of referred to general ad valorem taxes and not special assessments. No law is cited and we find none applicable to the proposition raised by the City.

However, the City made no objection when the statements were made, and did not request the court to admonish the jury to ignore the statements.

We have held that only those objections to the competency or admissibility of evidence asserted in the trial court, without change or addition, will be considered to reverse a judgment on appeal. In re Bennett's Estate, Okl., 324 P.2d 862, and Hair v. Wilson, Okl., 391 P.2d 789.

It is our conclusion that City's claim of error has no foundation.

■ The City contends that the trial court erred in failing to instruct that the proposed use, if any, to which defendants might put the property must be *reasonable*, and not cost a disproportionate amount in relation to the value of the remainder of the property. The complaint was that the word "reasonable" was omitted from the instruction.

This complaint has reference to Instruction No. 9, in which the court was informing the jury as to defendants' rights and limitations relative to the flow of the creek (prior to the taking) and use of the banks thereof, including their right "to fill, level and use so long as he does not interfere with such flow."

The City did not preserve any objection in any form to the giving of this instruction.

In McMillan v. Lane Wood & Company, Okl., 361 P.2d 487, 492, we held that the giving of an instruction is not reversible error where no objection was made at the time it was given and there was no showing of fundamental error.

There is no showing of fundamental error and we find no fundamental error in the instruction.

The City further urges in propositions of error 3 and 4 that the court erred in allow-

ing evidence that division of the property in plat form for sale was the highest and best use of the property, and in allowing into evidence defendants' exhibit setting out a proposed use plat of the property.

The admitted highest and best use of the property was for commercial use. Defendants introduced testimony and a drawing for the purpose of showing a division of the entire property in tracts having a frontage of about 53 feet on Sunnylane Road. The testimony and drawing was for the purpose of showing that this was the highest and best use of the property. It was also for the purpose of showing the restrictive effect of the taking of the easement in reducing the area available for parking and the consequential effect of a smaller commercial building. There was no testimony of a speculative nature used to support an estimate of value based upon profit that defendants would expect to derive from dividing the land into tracts for business use. The evidence was aimed at showing adaptable use and reduction in usable space.

In Cherokee Pipe Line Company v. Jury, Okl., 393 P.2d 503, Cherokee was condemning an easement across land for pipeline purposes. The property owner introduced testimony that the highest and best use of a portion of his land was for future subdivision development, and introduced a proposed subdivision plat thereof. The property owner's witnesses did not describe in detail a speculative enterprise, and they did not base their estimate of value upon profits expected to be derived from such an enterprise. Under these circumstances we held that in an eminent domain proceeding evidence of the land's adaptability to a particular use may be considered, and for this purpose a plan or plat showing a possible scheme of subdivision development is admissible in evidence though such plan or plat has not been recorded.

 It is our opinion that the evidence and plat drawing were properly allowed in evidence by the trial court.

The City's remaining propositions of error consist of arguments which we construe as attacks on the sufficiency of the evidence to support the verdict, and contentions that defendants failed to sustain the burden of proof cast upon them.

We do not agree. From our examination of the entire record, we are of the opinion that the defendants' evidence amply sustains the verdict.

Affirmed.

All Justices concur.