**Dorothy L. MOORE, Appellee,**

v.

**TARGET STORES, INC., Retail Shrinkage Control Co., and Jim Lanigan, Appellants.**

**No. 48520.**

Court of Appeals of Oklahoma, Division No. 1.

Aug. 9, 1977.

Rehearing Denied Sept. 13, 1977.

Certiorari Denied Nov. 16, 1977.

Released for Publication by Order of Court of Appeals Nov. 17, 1977.

---

Marti Hirst, Oklahoma City, for appellee.

Hemry & Hemry by Jerome E. Hemry, Oklahoma City, for appellant Target Stores, Inc.

Lytle, Soule & Emery by William D. Curlee, Oklahoma City, for appellants Retail Shrinkage Co. and Jim Lanigan.

REYNOLDS, Presiding Judge:

This appeal is brought by the defendants Target Stores, Inc., Retail Shrinkage Control Company and Jim Lanigan from a jury verdict in favor of the plaintiff Dorothy L. Moore. The jury awarded Mrs. Moore $15,-000 actual damages and assessed $35,000 punitive damages against the defendants in an action alleging false arrest and imprisonment and also malicious prosecution.

Jim Lanigan and Retail Shrinkage Control appeal the order overruling their motion for new trial. These defendants argue their Motion for Directed Verdict and Demurrer to the Evidence should have been granted because the evidence fails to show absence of probable cause for the institution of criminal proceedings. These defendants also argue error was committed by the trial court in failing to restrict the jury to the issue of credibility of witnesses in the determination of the issue of probable cause for the arrest of plaintiff.

Target Stores appeals from the judgment, alleging that Jim Lanigan d/b/a Retail Shrinkage Control was an independent contractor, and as a matter of law Target is not liable for the acts of the independent contractor. Target also specifies as error the failure to give two requested instructions on independent contractor and punitive damages. Target also joins with the other defendants in alleging the evidence fails to support the judgment because the

plaintiff failed to prove probable cause for the arrest did not exist.

Mrs. Moore went to the Target retail establishment in Midwest City, looking for a magnetic chess set. She inquired and was told the store did not carry that item. Browsing among the toys she found a telescope. She picked up the box in which it was packaged, reading the information thereon to determine the instrument's magnification and noted a price of five or six dollars. She proceeded to the checkout stand, purchased the item and exited to the parking lot. Mr. Lanigan represented himself as a police officer, took the package out of her car, led her back inside the store and advised her of her constitutional rights. There in the presence of other individuals she was accused of switching the price tag. The accusation was repeated by one of Retail Shrinkage Control's employees and Mrs. Moore was then taken to the back room with a female employee of Target Stores. There she was questioned and placed under citizens arrest. Upon Mr. Lanigan's request a uniformed police officer was summoned to pick up the shoplifter. Mrs. Moore testified she was the object of scorn, ridicule and laughter from bystanders during the walk out of the store. At the police station she saw two of her personal friends, the police captain and an attorney, increasing her humiliation. The fright and humiliation caused the spontaneous onset of her menses, lasting several weeks, just as had happened to her one time prior to this when she was erroneously told by the authorities her husband was killed in a car accident.

The plaintiff produced numerous exhibits to illustrate no basis for probable cause for her arrest arose from her purchase of an item bearing an incorrect price tag. The exhibits were items purchased at Target and they were all marked with more than one price tag. One item was marked with nine price tags. Store personnel then testified that as a result of Target's pricing system, it was not unusual for items to contain several tags.

On the matter of damages Mrs. Moore testified about the humiliation this arrest occasioned her. She also noted she had become nervous enough that for the present she could not steady her hand enough to continue etching glass items she sold to make extra money. A psychiatrist testified she would obtain optimum benefit from a $7,000 course of treatment for the emotional damage done by the incident.

■ Concededly nearly every point of the preceding plaintiff's testimony is disputed by the defendants. The sufficiency of the evidence to sustain a judgment in an action of legal cognizance is determined in the light of the evidence tending to support the judgment. *Park v. Security Bank & Trust*, 512 P.2d 113 (Okl.1973); *Smith v. Davis*, 430 P.2d 799 (Okl.1967).

■ All defendants base a proposition of error on the assumption that the plaintiff did not prove lack of probable cause for the arrest. Mrs. Moore does have the burden of proving lack of probable cause for bringing the criminal action against her, *Lewis v. Crystal Gas Co.*, 532 P.2d 431 (Okl. 1975), and she must prove lack of probable cause by affirmative evidence. *Gray v. Abboud*, 184 Okl. 331, 87 P.2d 144 (1939). The record demonstrates proof, which, if believed by the jury, would justify such a conclusion under the definition of probable cause found in *Lewis v. Crystal Gas Co., supra*, at p. 433. Plaintiff testified she picked up the box containing the telescope in order to read the information on the end of the box. The simple fact she picked up a box which was not correctly tagged is not probable cause to believe she was the party responsible for changing that tag. Where the evidence shows it was plainly visible that Mrs. Moore had no fingernails to employ in removing the first tag and also shows this store commonly contains items bearing multiple tags, the jury's finding is clearly not reversible for lack of supportive evidence.

■ Jim Lanigan and Retail Shrinkage Control Company allege the trial court committed fundamental error when it failed to restrict the jury to the issue of credibility of the witnesses in determining the probable

cause issue, citing *Williams v. Frey*, 182 Okl. 556, 78 P.2d 1052 (1938), for the proposition that where facts pertaining to probable cause are controverted, probable cause is still a question of law for the court to decide by submitting the jury instructions limiting their inquiry to credibility of the witnesses. It is the duty of the trial court in Oklahoma to instruct the jury on its own motion on the decisive issues raised by the pleadings and evidence. *Binning v. Safeway Stores, Inc.*, Okl., 532 P.2d 1198 (1975); *McGuigan v. Harris*, 440 P.2d 680 (Okl. 1968). However, where the court has instructed generally on the issues and a party desires a more specific instruction it then becomes the duty of that party to request a more specific instruction. *Binning v. Safeway Stores, Inc., supra; Bradley Chevrolet, Inc. v. Goodson*, 450 P.2d 500 (Okl.1969); 12 O.S.1971, § 577 subd. 5. The record reveals all defendants' attorneys approved the form and content of the instructions and neither party requested a more detailed probable cause instruction. Both parties stated in the record the instructions met with their approval, and one defendant told the trial court he had an instruction on probable cause but he liked the court's better. The instruction on probable cause is free of fundamental error:

> Probable cause means having a reasonable ground for belief in the existence of facts justifying the making of an arrest. Probable cause does not mean actual or positive cause and is not dependent on whether or not the party charged is actually guilty. Ordinarily if the facts justify a man of prudence and caution in believing that the offense has been committed, probable cause exists.

Where exception to an instruction was not made and preserved at the time it was given, this court will reverse only where its fundamentally erroneous nature is demonstrated. *Missouri, Kansas & Texas R. Co. v. Miller*, 486 P.2d 630 (Okl.1971); *Del City v. Moore*, 483 P.2d 324 (Okl.1971).

 Target Stores also raises as a point of error the trial court's refusal to submit a jury instruction allowing the jury to find Target Stores not liable for actual or puni-

tive damages for the acts of the other defendants if they found them to be independent contractors. This issue has been directly addressed by the Oklahoma courts and supports the trial court's refusal to so instruct. We quote from *Halliburton-Abbott Co. v. Hodge*, 172 Okl. 175, 44 P.2d 122, 126 (1935):

> The weight of authority seems to be that one may not employ or contract with a special agent or detective to ferret out the irregularities of his employees and then escape liability for malicious prosecution or false arrest on the ground that the agent is an independent contractor. (Omitting citations.)

\* \* \* \* \* \*

The following is an excerpt from *Adams v. F.W. Woolworth Co.*, 144 Misc. 27, 257 N.Y.S. 776, 782, and expresses our opinion: "Immunity from vicarious liability would permit any store keeper to subject his customers to the hazards of an irresponsible detective agency without peril to himself. He would obtain all the benefit of the surveillance and punishment of shoplifters; he would be subject to none of the penalties for unjustified or unlawful arrests of law-abiding citizens. The opportunities for gross injustice afforded by such a doctrine are too manifest to permit its incorporation into the jurisprudence of our state, without compelling reason."

 The defendants' last point of error alleges the damage recoveries to be excessively high and seeks a remittitur of portions of both the exemplary and actual damages. The jury awarded $15,000 actual damages. The jury may award and plaintiff correctly recover for injuries such as emotional or mental distress and injury to reputation which necessarily resulted from the defendants' wrongful acts, once the plaintiff has established the essential elements of a malicious prosecution action. *Browning v. Ray*, 440 P.2d 721 (Okl.1968); Restatement of the Law, Torts, § 670. Exemplary damages may be awarded against Target for the act of his agent even though

the principal did not personally participate in or ratify the act. *Kurn v. Radencic*, 193 Okl. 126, 141 P.2d 580 (1943). The jury properly was allowed to consider the evidence offered regarding the financial condition of the defendant. *Fife v. Adair*, 173 Okl. 234, 47 P.2d 145 (1935). An exemplary damage verdict is peculiarly within the province of the jury, and will not be casually interfered with on grounds of excessiveness. *Oller v. Hicks*, 441 P.2d 356 (Okl. 1967). Considering the evidence regarding the resources of the defendant it cannot be said the verdict was a result of passion or prejudice. The judgment of the trial court is affirmed.

AFFIRMED.

BOX, and ROMANG, JJ., concur.