**Judy D. TAYLOR, Plaintiff–Appellee,**

v.

**DILLARDS DEPARTMENT STORES, INC., Defendant–Appellant.**

**No. 91–5110.**

United States Court of Appeals, Tenth Circuit.

July 31, 1992.

William J. Dale, Henryetta, Okl., for plaintiff-appellee.

Galen L. Brittingham (Paul T. Boudreaux, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, with him on the brief), Tulsa, Okl., for defendant-appellant.

Before McKAY, Chief Judge, and McWILLIAMS, Senior Circuit Judge, and EISELE, Senior District Judge.*

McWILLIAMS, Senior Circuit Judge.

On January 5, 1990, Judy D. Taylor shopped in a Dillards department store in Bartlesville, Oklahoma. As Taylor left the store, she was stopped by two of Dillards' employees who suspected her of shoplifting. After a few questions, and a check to see if Taylor was wearing two pairs of jeans, which she was not, Dillards' employ-

* Honorable Garnett Thomas Eisele, Senior District Judge for the District of Arkansas, sitting by designation.

ees determined to their satisfaction that Taylor had not stolen any of Dillards' merchandise, whereupon they returned to the store, and Taylor went on her way.

On April 16, 1990, Taylor brought the present action against Dillards in the United States District Court for the Northern District of Oklahoma, alleging that Dillards' employees had wrongfully and unreasonably detained her on January 5, 1990 "without just or probable cause." As total damages, Taylor sought $750,000. Jurisdiction was based on diversity. 28 U.S.C. § 1332. By answer, Dillards denied liability and alleged that its employees acted "in good faith and any actions on the part ... [of Dillards] or its agents was [sic] based on reasonable suspicion and probable cause."

Trial by jury resulted in a verdict in favor of Taylor against Dillards, the jury fixing her damages at $35,000. Dillards' motion for judgment n.o.v. or for a new trial was denied, and Dillards now appeals the judgment duly entered on the jury's verdict.

On appeal, Dillards advances ten reasons why the judgment should be reversed. In our view, the first argument to be addressed is Oklahoma's so-called anti-shoplifting statute, 22 O.S. § 1343 (1986), which reads as follows:

#### Detention of suspect—Purposes

Any merchant, his agent or employee, who has reasonable grounds or probable cause to believe that a person has committed or is committing a wrongful taking of merchandise or money from a mercantile establishment, may detain such person in a reasonable manner for a reasonable length of time for all or any of the following purposes:

(a) Conducting an investigation, including reasonable interrogation of the detained person, as to whether there has been a wrongful taking of such merchandise or money;

(b) Informing the police or other law enforcement officials of the facts relevant to such detention;

(c) Performing a reasonable search of the detained person and his belongings when it appears that the merchandise or money may otherwise be lost; and

(d) Recovering the merchandise or money believed to have been taken wrongfully. *Any such reasonable detention shall not constitute an unlawful arrest or detention, nor shall it render the merchant, his agent or employee criminally or civilly liable to the person so detained.* (emphasis added).

In its instructions to the jury, the district court set forth in essence, if not in so many words, the content of the aforesaid statute, and then went on to advise the jury that Dillards had the "burden of proving" that it had probable cause to detain Taylor. In the district court, Dillards argued, as it does on appeal, that instructing the jury that Dillards had the burden of proving probable cause to detain is contrary to Oklahoma law and that in fact, under Oklahoma law, it was Taylor who had the burden of proving that Dillards *lacked* probable cause to do what it did. In thus arguing, Dillards relies on *Adamson v. Dayton Hudson Corp.*, 774 P.2d 478 (Okla.Ct.App. 1989), and *Moore v. Target Stores, Inc.*, 571 P.2d 1236 (Okla.Ct.App.1977).

In *Adamson*, a shoplifting case, the Oklahoma Court of Appeals held that a customer who brought an action for false arrest against a storekeeper was collaterally estopped from relitigating the issue of probable cause to arrest her by virtue of an adverse probable cause determination at a preliminary hearing in a shoplifting prosecution where a judge had found that there was probable cause to believe that the customer had committed the crime of larceny from a retailer. In so doing, that court spoke at pp. 479–80 of 774 P.2d, as follows:

Oklahoma law allows a merchant or his agent to detain a customer if that merchant "has reasonable grounds or probable cause to believe" the customer has wrongfully taken merchandise from the store. 22 O.S.1981 § 1343, Subsection 1343(d), also provides that a "reasonable detention shall not constitute an unlaw-

ful arrest" for purposes of civil liability. *Our law also provides that in a false arrest case, the plaintiff has the burden of proving a lack of probable cause. Lewis v. Crystal Gas Co.*, 532 P.2d 431, 433 (Okla.1975). She further must prove this lack of probable cause by affirmative evidence. *Moore v. Target Stores, Inc.*, 571 P.2d 1236, 1239 (Okla.Ct.App.1977). Conversely, "[p]robable cause constitutes a complete defense" to an action for false arrest. *Lewis,* 532 P.2d at 433. Upon proof of probable cause, all other circumstances, including malice and ill will, are irrelevant. *Towne v. Martin,* 196 Okl. 510, 513, 166 P.2d 98, 100 (1946). (emphasis added)[1]

The principal holding in *Moore v. Target Stores, Inc.,* 571 P.2d 1236 (Okla.Ct.App.1977), was that whether probable cause existed for a customer's arrest in defendant's store for allegedly switching a price tag on an item of merchandise was a question of fact for the jury in an action for false arrest and imprisonment and malicious prosecution. In so doing, the Oklahoma Court of Appeals stated that Moore, the plaintiff in the false arrest and imprisonment case, had the burden of proving "lack of probable cause" on the part of the storekeeper and that she "must prove lack of probable cause by affirmative evidence."

■ It would thus appear that under Oklahoma law, Taylor had the burden of proving that Dillards acted without probable cause, and that the district court erred when it instructed the jury that Dillards had the burden of proving that it did have probable cause. This, to us, is the sort of error which could conceivably affect the very outcome of the trial. Accordingly, because of the erroneous instruction placing the burden of proof on Dillards to prove that it had probable cause to do what it did, the judgment cannot stand.

In this court, counsel for Taylor asserts that Dillards did not object to the instruction which placed the burden of proof on it. That is not our reading of the record. Dil-

lards did bring this matter to the attention of the district court.

■ We recognize that Dillards also argues that the district court erred in not directing a verdict in its favor because of Taylor's failure to prove a want of probable cause. Dillards made a motion for a directed verdict at the close of Taylor's evidence, which was denied, and renewed the motion at the close of all the evidence, which was also denied. We further recognize that in denying Dillards' motions for a directed verdict, the district court was apparently acting on the premise that Dillards had the burden to prove probable cause. Be that as it may, we are not inclined to hold that the district court, had it considered Dillards' motions for a directed verdict on the basis that Taylor had the burden of proving a lack of probable cause on the part of Dillards, should have directed a verdict in favor of Dillards. As was said in *Moore v. Target Stores, Inc., supra,* whether probable cause exists, or does not exist, for detaining a customer for allegedly switching a price tag on an item of merchandise, is a question of fact for the jury in an action for false arrest. Error in the denial of a motion for a directed verdict occurs only if the evidence points but one way and is susceptible to no reasonable inferences supporting the nonmoving party. *Zimmerman v. First Fed. Sav. & Loan Ass'n,* 848 F.2d 1047, 1051 (10th Cir.1988).

■ All evidence tending to show probable cause on the part of Dillards' employees was introduced during Dillards' presentation of evidence—after Taylor had rested her case. When Taylor rested her case, the only evidence bearing on probable cause, or want of it, on the part of Dillards came from Taylor's own testimony. And certainly the clear import of her testimony was not only that she stole nothing from Dillards, but that she did absolutely nothing that would justify Dillards stopping her and out of a clear blue sky accusing her of shoplifting.

1. *Lewis v. Crystal Gas Co.,* 532 P.2d 431 (Okla.1975), holds that in an action for mali-
cious prosecution, the plaintiff has the burden to prove "want of probable cause."

Judgment reversed, and case remanded for further proceedings.